

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2005

# Jacobs v. PA Dept Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1455

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Jacobs v. PA Dept Corr" (2005). *2005 Decisions.* Paper 572.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/572

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-319                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1455
_____

ANDRE JACOBS,

Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
JEFFREY A. BEARD; ROBERT FRANK; JEFFREY FORTE;
FRANK COLE; A. E. YUHOUSE; WINTERS; GREGORY MOHRING
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-01365)
District Judge: Honorable Joy Flowers Conti
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
July 28, 2005

BEFORE: ALITO, McKEE and AMBRO, Circuit Judges

(Filed :  September 6, 2005)

_____

OPINION
_____

PER CURIAM

Andre Jacobs, a state prisoner, appeals from the order of the United States District

Court for the Western District of Pennsylvania granting the defendants' motion to dismiss

his civil rights action. The parties are familiar with the facts, so we will not set forth the case's history in detail. In summary, Jacobs filed a civil rights complaint under 42 U.S.C. §§ 1981, 1983, 1985 and 1986. His claims are based on an incident on May 30, 2003, when he was allegedly assaulted by the defendants while he was an inmate at the State Correctional Institution at Pittsburgh. On November 24, 2004, the defendants filed a motion to dismiss the complaint, arguing, *inter alia*, that Jacobs failed to exhaust his administrative remedies fully, as required by 42 U.S.C. § 1997e(a). By order entered December 2, 2004, the Magistrate Judge ordered Jacobs to respond to the motion by December 21, 2004, or to file an amended complaint to address the deficiencies in the original complaint. Jacobs responded by filing a motion to reconsider the Magistrate Judge's order, asserting that he had already filed an amended complaint addressing the exhaustion issues, but that he had mistakenly filed it in the wrong action, having written the wrong docket number on the document.[1] The Magistrate Judge denied Jacobs's motion. On December 22, 2004, the Magistrate Judge issued a report and recommendation that the complaint be dismissed for failure to exhaust administrative remedies in proper fashion. On that same date, Jacobs filed a motion seeking additional time to respond to the defendants' motion to dismiss. Shortly thereafter, Jacobs filed another motion seeking additional time to respond to the defendants' motion and requested reconsideration of the Magistrate Judge's recommendation; Jacobs asserted that

---

[1] The erroneous docket number to which Jacobs alluded was the docket number of another action filed by Jacobs against many of the same prison officials.

2

the defendants had prevented his previous response to the motion from being filed and returned the document to Jacobs. By order entered February 4, 2005, the District Court adopted the report and recommendation and dismissed the complaint. Jacobs appeals and has been granted leave to proceed *in forma pauperis* on appeal. We have jurisdiction under 28 U.S.C. § 1291.

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law. 42 U.S.C. § 1997e(a); Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004). In Spruill, we held that the PLRA required "proper" exhaustion, meaning that the inmate must follow the procedural requirements of the prison grievance system. Spruill, 372 F.3d at 228, 231. If the prisoner fails to follow the procedural requirements, then his claims are procedurally defaulted.

Upon careful review of the record, we agree with the District Court that Jacobs failed to exhaust his administrative remedies properly. The prison grievance procedure, known as DC-ADM 804, provides a three-part review: first, the prisoner must file a grievance within fifteen days with the grievance coordinator; second, the prisoner may appeal to the facility manager within five days of receipt of the initial review; third, the prisoner may appeal to the Central Office Review Committee. In this case, Jacobs filed his grievance on June 2, 2003, which was denied on initial review on June 17, 2003. Jacobs then attempted to pursue an appeal, not to the facility manager, but to the Department of Corrections Office of Inmate Grievances and Appeals, which notified

Jacobs on September 24, 2003, that he had failed to comply with the documentation requirements required for appeal, namely, photocopies of the grievance, decision on initial review, the appeal to the facility manager, and the facility manager's decision. On September 30, 2003, Jacobs then attempted to file an appeal to the facility manager (the prison superintendent), who returned the appeal without action because it was filed three and-a-half months after the proscribed five-day deadline. Jacobs again attempted to appeal to the Office of Inmate Grievances and Appeals, which again informed Jacobs that he had failed to comply with the documentation requirements required for appeal. Jacobs was afforded ten working days to comply with the procedural requirements for pursuing the appeal, but he apparently did nothing.

We agree with the District Court that Jacobs did not follow the proper procedure to exhaust his administrative remedies and that his claims are procedurally defaulted. We note that Jacobs responded to the defendants' failure to exhaust argument by referring to an amended complaint misfiled in his other litigation, but the record does not reflect that Jacobs ever submitted an amended complaint in this matter. Also, in responding to the Magistrate Judge's report and recommendation, Jacobs referred to documents in his possession that would evidence his exhaustion of administrative remedies. However, he did not file those documents, and he made no other attempt to support his bare assertion that his administrative remedies were exhausted. Indeed, Jacobs did not even offer an explanation regarding the exhaustion issue that would refute the Magistrate Judge's findings.

4

We will dismiss this appeal under 28 U.S.C. § 1915(e)(2)(B).